

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DANTE K. MUHAMMAD

   Plaintiff,

v.

WELLS FARGO BANK, NA.,

Defendant(s),

_____/ )

Trott Law P.C.

31440 Northwestern Hwy. STE 200

Farmington Hills, MI 48334

Case:2:16-cv-11073
Judge: Roberts, Victoria A.
MJ: Whalen, R. Steven
Filed: 03-24-2016 At 12:07 PM
COMP MUHAMMAD V WELLS FARGO BANK, N
A (BG)

)
)
)
)
)
)
)
)
)

## COMPLAINT AND MOTION TO ENJOIN USE OF VOID INSTRUMENTS

Now Comes DANTE K. MUHAMMAD with a Complaint for failure to give timely and proper notices required by the Truth In Lending Act ("TILA"), 15 U.S.C. Section 1635, and Motion to enjoin Defendants from using Void Instruments.

The Defendant, Wells Fargo Bank, NA is an American multinational banking and financial services holding company headquartered in San Francisco, California, with "hub-quarters" throughout the country.

### I.    JURISDICTION AND VENUE

1. Pursuant to 15 U.S.C. § 1640(e), this Court has jurisdiction over claims brought under the Truth in Lending Act ("TILA").
2. The statute of limitations for a TILA claim is one year from the violation.
3. The address of the property involved in this case is located in Southfield Michigan.
4. The address of the Plaintiff is in Southfield Michigan.
5. The address of the Defendant is headquartered in San Francisco California.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


## II.     BACKGROUND

1. Plaintiff signed a Mortgage in July of 2015 for property situated in the City of Southfield, state of Michigan.
2. Plaintiff is the owner of the property involved in this instant action.
3. All opportunity to cure defects of violations not limited to the Truth In Lending Act have been exhausted.
4. The Defendant has retained counsel to foreclose on the Mortgage involved in this instant action on March 29, 2016.


## III.     STATEMENT OF CLAIM

1. Defendant is in Violation of the Truth and Lending Act ("TILA"), 15 U.S.C. Section 1635 for failure to give timely and proper notices required by the Truth In Lending Act.
2. Plaintiff is not in receipt of all Disclosures as required by the Truth In Lending Act. Specifically the two copies of the Notice of Right to cancel with all necessary information.
3. Plaintiff previously requested all required Notices a part of a Qualified Written Request for Adequate Assurance of Performance sent by U.S. Certified Mail No. 70150640000678605012 on October 5, 2015.
4. Defendant has failed to provide information requested in the Qualified Written Request.
5. A letter of Intent to Rescind the loan respective to this instant action pursuant to the Truth In Lending Act was received by the Defendant by U.S. Certified Mail No. 7015152000050254092 on 3/8/2016.
6. The Mortgage respective to this instant action is now void by operation of law.
7. The Note respective to this instant action is now void by operation of law.
8. To date, the Defendant has acknowledged the Notice of TILA Rescission.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

IV.    SUMMARY OF THE RELIEF REQUESTED

1. Plaintiff is seeking affirmative relief from this Court to enjoin Defendants from utilizing void Instruments for any enforcement action.

By: _____    3/24/2016

Plaintiff' Signature                          Date

Dante K. Muhammad

Plaintiff

24604 Templar Ave.

Address

Southfield, MI 48075

City, State, Zip

U.S. CERTIFIED MAIL NO. 70151520000050254092

March 2, 2016

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

Dear Mrs. Whitt-Potter – Senior VP

Because you have not provided answers to my "qualified written requests'" held pursuant to the Real Estate Settlement Procedures Act (RESPA) and 12 U.S.C. 2605(e), and Wells Fargo Bank, NA has failed to provide proof of compliance with *Generally accepted accounting principles* (GAAP) and Generally Accepted Auditing Standards (GAAS), please take notice of my intent to rescind the above-referenced loan due to the appearance of fraudulent lending practices and violations against the Truth In Lending Act, including but not limited to the unlawful failure to give timely and proper notices required under the Truth and Lending Act ("TILA"), 12 C.F.R. 226.23(b)(5), and 15 U.S.C. Section 1635. *(JESINOSKI ET UX. V. COUNTRYWIDE HOME LOANS, INC., ET AL. JANUARY 13, 2015)*

Sincerely,

All Rights Reserved.

Cc: John G. Stumpf – CEO
      Maria Tonche – Executive Mortgage Specialist

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

DES MOINES, IA 50306

| | | |
|---|---|---|
| Certified Mail Fee | $3.45 | 0237 |
| $ | | 21 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) $ | $0.00 | |
| ☐ Return Receipt (electronic) $ | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery $ | $0.00 | Here |
| ☐ Adult Signature Required $ | $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | $0.00 | |
| Postage $ | $0.49 | |
| Total Postage and Fees | $3.94 | 03/05/2016 |

Sent To   WELLS FARGO BANK
Street and Apt. No., or PO Box No.  PO Box 10335
City, State, ZIP+4®  Des Moines IA 50306

ACCOUNT NO. 0423583061

English     Customer Service     USPS Mobile                                    Register / Sign In

# USPS.COM

# USPS Tracking®


**Customer Service ›**
Have questions? We're here to help.


**Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: 70151520000050254092

On Time
**Expected Delivery Day: Tuesday, March 8, 2016**

## Product & Tracking Information

| Postal Product: | Features: |
| --- | --- |
| First-Class Mail® | Certified Mail™ |

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| March 8, 2016 , 6:39 am | Delivered | DES MOINES, IA 50306 |

| March 8, 2016 , 2:55 am | Arrived at Unit | DES MOINES, IA 50318 |
| March 7, 2016 , 10:46 pm | Departed USPS Destination Facility | DES MOINES, IA 50318 |
| March 7, 2016 , 10:13 am | Arrived at USPS Destination Facility | DES MOINES, IA 50318 |
| March 5, 2016 , 11:50 pm | Departed USPS Origin Facility | PONTIAC, MI 48340 |
| March 5, 2016 , 11:34 pm | Arrived at USPS Origin Facility | PONTIAC, MI 48340 |
| March 5, 2016 , 6:19 pm | Departed Post Office | OAK PARK, MI 48237 |
| March 5, 2016 , 12:33 pm | Acceptance | OAK PARK, MI 48237 |

## Track Another Package

Tracking (or receipt) number

_____     Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

**Sign up for My USPS ›**



**WELLS FARGO | HOME MORTGAGE**

Wells Fargo
P.O. Box 10335
Des Moines, IA 50306-0335

March 08, 2016

Dante K. Muhammad
24604 Templar Avenue
Southfield, MI 48075-6935

Subject: Acknowledgment - receipt of inquiry regarding account number 0423583061

Dear Dante K. Muhammad:

Thank you for contacting us. We're writing to let you know that your inquiry has been received and is currently being reviewed.

We expect to complete our research and provide you with the results on or before March 21, 2016. In the event additional time is needed we will contact you.

We value your feedback and appreciate the time and effort you took to bring your inquiry to our attention.

If you have questions during our review process, please call us at 1-800-853-8516. We are available to assist you Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

*Leesa White-Potter*

Leesa Whitt-Potter
Senior Vice President
Wells Fargo Home Lending

In order to remain compliant with state and federal guidelines, if you have engaged legal counsel for any litigation, including bankruptcy, we will communicate with them going forward.

CC500/NONE/co1694983/ge5062659/cl936

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30755
Lansing, Michigan 48909

**BILL SCHUETTE**
ATTORNEY GENERAL

March 10, 2016

Dante Muhammad
24604 Templar Avenue
Southfield, MI 48075

Dear Mr. Muhammad:

Attorney General Bill Schuette asked me to respond to your recent correspondence regarding Wells Fargo.

Because your complaint primarily relates to Wells Fargo, we forwarded it to Wells Fargo for a response. Once we have a response from the company, we will contact you.

Thank you for bringing this matter to our attention.

Sincerely yours,

Joseph E. Potchen
Assistant Attorney General
Corporate Oversight Division



Wells Fargo
PO Box 10335
Des Moines, IA 50306-0335

March 10, 2016

Dante K. Muhammad
24604 Templar Avenue
Southfield, MI 48075

Subject: Acknowledgment - receipt of inquiry regarding account number 0423583061

Dear Dante K. Muhammad:

We're writing to inform you that we've received an inquiry from the State of Michigan, Office of the Attorney General on your behalf and it's currently being reviewed.

We expect to complete our research and provide the State of Michigan, Office of the Attorney General and you with the results on or before March 23, 2016. In the event additional time is needed we will contact the State of Michigan, Office of the Attorney General and you.

We value your feedback and appreciate the time and effort you took to bring your inquiry to our attention.

If you have questions during our review process, please call us at 1-800-853-8516. We are available to assist you Monday through Friday, 7:00 a.m. to 7:00 p.m. Central Time.

Sincerely,

Leesa Whitt-Potter

Leesa Whitt-Potter
Senior Vice President
Wells Fargo Home Lending

In order to remain compliant with state and federal guidelines, if you have engaged legal counsel for any litigation, including bankruptcy, we will communicate with them going forward.

CC503/JMN/co1697320/ge5075640/cl936

Notice Of Mortgage Foreclosure Sale

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Dante K Muhammad, a single person, original mortgagor(s), to Wells Fargo Bank, N.A., Mortgagee, dated June 16, 2015, and recorded on June 23, 2015 in Liber 48317 on Page 398, in Oakland county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of One Hundred Sixty Thousand Seven Hundred Eight and 41/100 Dollars ($160,708.41).

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Oakland County, at 10:00 AM, on March 29, 2016.

Said premises are situated in City of Southfield, Oakland County, Michigan, and are described as: Lot 129, Southfield Farm Subdivision, according to the plat thereof as recorded in Liber 81, Pages 34 and 35 of Plats, Oakland County Records

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: March 1, 2016
For more information, please call:
FC D (248) 593-1309
Trott Law, P.C.
Attorneys For Servicer
31440 Northwestern Hwy Ste. 200
Farmington Hills, Michigan 48334-5422

File #460527F01

# AFFIDAVIT OF OWNERSHIP

Being familiar with the facts recited herein, I Muhammad, Dante K. being first duly subscribed and sworn under oath, affirms to have taken possession of such referenced authenticated Warranty Deed identified by LIBER 48486 PAGE 191 in the Oakland County Register of Deeds Office, United States of America #15055170-1, and State of Michigan #148392-2-415440-157 in accordance with UCC § 9-313 (a)(b)(c), UCC §3-419, HJR – 192, and Public Law 73-10.

Therefore be it Ye known to all Registrar of Titles and any other interested parties, that you are to treat Muhammad, Dante K. as the Holder in Due Course and verified Owner of such referenced instrument.

Accordingly as the true owner, Muhammad, Dante K. shall forever more use this genuine security with the full faith, credit, and Benefit as guaranteed to him by law.

_____
Owner's Signature

Dated this _30_ day of _September_, 20_15_.

State of _Michigan_ )§
)
County of _Wayne_ )

SUBSCRIBED AND AFFIRMED:

On this _30th_ day of _September_, 2015 AD, before me appeared the above natural person proved to me on the basis of satisfactory evidence to be the man whose name is subscribed on this Instrument.

Witness my hand and seal:

_____
Notary Public

My Commission expires: 3-16-2017

DONZELL RUSSELL
Notary Public - Michigan
Wayne County
My Commission Expires Mar 16, 2017
Acting in the County of Wayne



# State of Michigan



## DEPARTMENT OF STATE
## NOTARY PUBLIC CERTIFICATION

*I, Ruth Johnson, Secretary of State of the State of Michigan and custodian of the Great Seal of the State, hereby certify that, DONZELL RUSSELL, whose notarization is affixed to the annexed instrument, was on the date thereof the duly elected or appointed and qualified Notary Public in and for the County of WAYNE in this State and all official acts as such should be given full faith and credit in all Courts of Justice and elsewhere.*

*IN TESTIMONY WHEREOF, I have hereto affixed my signature and Great Seal of the State, at Detroit, this 30th day of September in the year of our Lord two thousand and fifteen.*

*Ruth A. Johnson*

Secretary of State



150486-1-420803-157

This certification attests only to the authenticity of the signature of the official who signed the affixed document, the capacity in which that official acted, and where appropriate, the identity of the seal or stamp which the document bears. This certification is not intended to imply that the contents of the document are correct, nor that they have the approval of the State of Michigan.



15055170-1

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

I Certify That the document hereunto annexed is under the Seal of the State(s) of Michigan, and that such Seal(s) is/are entitled to full faith and credit.*

*For the contents of the annexed document,the Department assumes no responsibility
This certificate is not valid if it is removed or altered in any way whatsoever*

In testimony whereof, I, John F. Kerry, Secretary of State , have hereunto caused the seal of the Department of State to be affixed and my name subscribed by the Assistant Authentication Officer, of the said Department, at the city of Washington, in the District of Columbia, this fifteenth day of September, 2015.

*Issued pursuant to CHXIV. State of Sept. 15, 1789, 1 Stat. 68-69: 22 USC 2657: 22USC 2651a; 5 USC 301; 28 USC 1733 et. seq.: 8 USC 1443(f); RULE 44 Federal Rules of Civil Procedure.*

By_____

Secretary of State

Assistant Authentication Officer,
Department of State



# State of Michigan



## DEPARTMENT OF STATE
## COUNTY CLERK CERTIFICATION

*I, Ruth Johnson, Secretary of State of the State of Michigan and custodian of the Great Seal of the State, hereby certify that, Lisa Brown, whose attestation is affixed to the annexed instrument, was on the date thereof the duly elected or appointed and qualified Oakland County Clerk and the Clerk of the Circuit Court and all official acts as such should be given full faith and credit in all Courts of Justice and elsewhere.*

*IN TESTIMONY WHEREOF, I have hereto affixed my signature and Great Seal of the State, at Detroit, this 17th day of August in the year of our Lord two thousand and fifteen.*



*Ruth A. Johnson*

*Secretary of State*

This certification attests only to the authenticity of the signature of the official who signed the affixed document, the capacity in which that official acted, and where appropriate, the identity of the seal or stamp which the document bears. This certification is not intended to imply that the contents of the document are correct, nor that they have the approval of the State of Michigan.

**148392-2-415440-157**

164244
LIBER 48497 PAGE    13
$15.00 MISC RECORDING
$4.00 REMONUMENTATION
08/13/2015 12:41:32 P.M.  RECEIPT# 96788
PAID    RECORDED - OAKLAND COUNTY
LISA BROWN, CLERK/REGISTER OF DEEDS

# AFFIDAVIT OF ACKNOWLEDGMENT

I declare this is a Certificate of Acknowledgement and this includes all attached documents.

RETURN ADDRESS:

**DANTE KOLAN MUHAMMAD**

24604 Templar Ave.
Southfield, Michigan 48075

SPACE ABOVE THIS LINE FOR RECORDER'S USE

GRANTOR: BRENDA Y HORTON and EDWARD HORTON, wife and husband
Grantee: Dante K. Muhammad

I, **Dante K. Muhammad** in the capacity of Grantee as recorded on the attached warranty (Grant) deed for the real estate recorded in Liber 81 Page 34 of Plats, Oakland County Records – more commonly known as 24604 Templar Ave., Southfield Michigan 48075 hereby accepts the deed conveyed to me, and hereby assumes lawful ownership of such said property under the terms of the Deed.

I hereby request that the record on file in the Office of the Register of Deeds be updated to show my acceptance of the deed as lawful owner of this real estate.

This is my freewill act and deed, under my hand and seal;

_____        8/5/2015
Dante K. Muhammad                Date

State of Michigan

County of OAKLAND

On this 5th day of August, before me the subscriber, Scott Tarkington personally appeared Dante K. Muhammad to me known to be the living man described in and who executed the foregoing instrument and acknowledged before me that he executed the same as his freewill act and deed.

_____ - Notary Public

SCOTT TARKINGTON
Notary Public - Michigan
Oakland County
My Commission Expires Aug 21, 2018
Acting in the County of OAKLAND

**STATE OF MICHIGAN,**
**County of Oakland    ss**

i, <u>Lisa Brown,</u> Clerk of the County of Oakland, and of the Circuit Court of said County, the same being a Court of Record having by law a seal do herby certify that

**SCOTT TARKINGTON**

Was a <u>NOTARY PUBLIC</u> on **02/01/2012** with an expiration date of **08/21/2018** being duly commissioned, sworn and authorized by the laws of the State of Michigan to take and certify affidavits and the acknowledgment or proof of deeds or other written instruments to be recorded in the said State.  I affirm that the information on this verification is correct.



**IN WITNESS WHEREOF,** I have hereunto set my hand and seal of Pontiac, Michigan, this 13 August 2015.

_Lisa Brown_____County Clerk

OAKLAND COUNTY TREASURER'S CERTIFICATE
This is to certify that there are no delinquent property
taxes as of this date credited to our office on this property.
No representation is made as to the status of any taxes,
tax liens or other owed to any other entities.

JUL 15 2015

ANDREW E. MEISNER, County Treasurer
Sec. 135, Act 206, 1893 as amended

5.00

.04681

LIBER 48486  PAGE 191
$10.00 DEED – COMBINED
$4.00 REMONUMENTATION
$1,367.40 TRANSFER TX COMBINED
08/11/2015  01:48:50 PM RECEIPT# 95366
PAID RECORDED – Oakland County, MI
Lisa Brown, Clerk/Register of Deeds



STATE OF MICHIGAN  REAL ESTATE TRANSFER TAX
OAKLAND
08/11/2015
95366
$17490 CO
$1,192.50 ST
001015678

## Warranty Deed

The Grantor, Brenda Y Horton and Edward Horton, wife and husband, *24604 Templar, Southfield* Conveys and Warrants to: Dante K Muhammad, a single man, whose address is 3750 Fullerton St, Detroit, MI 48238

The following described premises situated in the City of Southfield, County of Oakland State of Michigan:

**Lot 129, SOUTHFIELD FARMS SUBDIVISION, as recorded in Liber 81 Page 34 of Plats, Oakland County Records**

More commonly known as: 24604 Templar Ave., Southfield, MI 48075

Tax Parcel No.: 24-25-204-013

For the full consideration of One Hundred Fifty Nine Thousand and 00/100 Dollars ($159,000.00)

Subject to: existing building and use restrictions, zoning ordinances and easements of record.

Dated: 06/16/2015

Signed by:

_Brenda Y Horton_
Brenda Y Horton

_Edward Horton_
Edward Horton

STATE OF MICHIGAN
COUNTY OF Oakland

The foregoing instrument was acknowledged before me this 16th day of June 2015    by Brenda Y Horton and Edward Horton, wife and husband

JUDITH A STIRNEMANN
Notary Public - Michigan
Oakland County
My Commission Expires Feb 7, 2018
Acting in the County of OAKLAND

_Judith A Stirnemann_
Notary Public                    County, Michigan
Acting In:
My Commission Expires:

Drafted by: Edward Hudson, 18481 W Ten Mile Rd, Southfield, MI 48075
File No.: 150017
Return to: Dante Muhammad, 24604 Templar, Southfield, MI 48075

City/County Stamps: $ 172.15
State Stamps: $ 1173.75
Recording fee: $15.00

CHECKING COMPLETED
AT REGISTER OF DEEDS

JUL 15 2015

Register of Deeds
Oakland County, MI

CERTIFICATE OF COPY OF RECORD
STATE OF MICHIGAN , COUNTY OF OAKLAND

I, LISA BROWN, Register of Deeds for Oakland County, certify that the attached
copy is a true and correct transcript of the original record in Liber ____-
_48486_____
Page(s) _191_____.

In testimony whereof, I have set my hand and placed the seal of REGISTER OF
DEEDS this __13th___ day of
_August_____, 20 _15___.
By: _____Deputy



# State of Michigan



## DEPARTMENT OF STATE
## NOTARY PUBLIC CERTIFICATION

*I, Ruth Johnson, Secretary of State of the State of Michigan and custodian of the Great Seal of the State, hereby certify that, THOMAS M DILLON, whose notarization is affixed to the annexed instrument, was on the date thereof the duly elected or appointed and qualified Notary Public in and for the County of OAKLAND in this State and all official acts as such should be given full faith and credit in all Courts of Justice and elsewhere.*

*IN TESTIMONY WHEREOF, I have hereto affixed my signature and Great Seal of the State, at Detroit, this 26th day of February in the year of our Lord two thousand and sixteen.*

*Ruth A. Johnson*

*Secretary of State*

156714-2-437277-157

This certification attests only to the authenticity of the signature of the official who signed the affixed document, the capacity in which that official acted, and where appropriate, the identity of the seal or stamp which the document bears. This certification is not intended to imply that the contents of the document are correct, nor that they have the approval of the State of Michigan.

**AFFIDAVIT**

STATE OF ___MICHIGAN___

COUNTY OF ___OAKLAND___


I, ___Thomas M Dillon___, the undersigned Notary, being of sound mind and under no duress, do hereby certify, attest and affirm that a flesh and blood Human Being named ___DANTE K MUHAMMAD___, PERSONALLY came before me and presented identification that he currently resides in ___OAKLAND___County, in the Republic State of ___MICHIGAN___, and made the below mentioned his/her statement and General Affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his/her knowledge.

**STATEMENT -**

I do affirm that the attached NOTE is the NOTE sent to me from Wells Fargo Home Mortgage on Wednesday, August 26, 2015 as a password-protected Adobe Acrobat document.

I Dante K. Muhammad, now affix my signature under Oath and under Common Law.


Dated this 14ᵗʰ day of ___JANUARY___, 2016.

_____
**Signature of Affiant**

SWORN to and subscribed before me, this the 14ᵗʰ day of ___January___, 20 16

_____
**NOTARY PUBLIC**

My Commission Expires: ___January 16, 2021___

| |
|---|
| THOMAS M. DILLON |
| NOTARY PUBLIC - MICHIGAN |
| OAKLAND COUNTY |
| ACTING IN THE COUNTY OF _OAKLAND_ |
| MY COMMISSION EXPIRES 01/16/2021 |

# Note

## NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.

June 16, 2015
[Date]

Farmington Hills
[City]

MI
[State]

24604 Templar AVE, SOUTHFIELD, MI 48075
[Property Address]

**1. Borrower's Promise to Pay.** In return for a loan that I have received, I promise to pay U.S. $159,800.00 (this amount is called *"Principal"*), plus interest, to the order of the Lender. The Lender is Wells Fargo Bank, N.A.. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the *"Note Holder"*.

**2. Interest.** Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 4.375%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3. Payments.**

**(A) Time and Place of Payments.** I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st day of each month beginning on August 1, 2015. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on July 1, 2045, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the *"Maturity Date"*.

I will make my monthly payments at PO Box 11701, Newark, NJ 07101-4701 or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments.** My monthly payment will be in the amount of U.S. $797.86.

**4. Borrower's Right to Prepay.**

The Borrower shall have the right to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or $100.00, whichever is less. Any Prepayment in full of the indebtedness shall be credited on the date received, and no interest may be charged thereafter. Any partial Prepayment made on other than an installment due date need not be credited until the next following installment due date or 30 days after such Prepayment, whichever is earlier.

**5. Loan Charges.** If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

HCFG-00017
MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs

VMP®
Wolters Kluwer Financial Services

2015061615.1.0.3112-J20150123Y

Form 3200 (1/01)
Amended 6/00
08/14
Page 1 of 3



*745903015206*

## 6. Borrower's Failure to Pay as Required.

**(A) Late Charge for Overdue Payments.** If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of charge will be 4.000% of my overdue payment.

I will pay this late charge promptly but only once on each late payment.

**(B) Default.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default.** If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder.** Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. Giving of Notices.** Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. Obligations of Persons Under This Note.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. Waivers.** I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. *"Presentment"* means the right to require the Note Holder to demand payment of amounts due. *"Notice of Dishonor"* means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. Allonge to This Note.** If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge ☐ Other [Specify] _____ ☐ Other [Specify]

_____

**11. Uniform Secured Note.** This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the *"Security Instrument"*), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Regulations (38 C.F.R. Part 36) issued under the Department of Veterans Affairs (*"VA"*) Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing shall govern the rights, duties and liabilities of the parties

HCFG-00017
MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs
VMP®
Wolters Kluwer Financial Services          2015061815.1.0.3112-J20150123Y

Form 3200 (1/01)
Amended 6/00
08/14
Page 2 of 3



...oan and any provisions of this Note which are inconsistent with such regulations are hereby amended and ...amended to conform thereto.

...ESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Borrower

_Dante K Muhammad_                          16/16/2015

**Dante K Muhammad**                        **Date**
                                            *Seal*

[Sign Original Only]

**Loan Origination Organization:** Wells Fargo
Bank N.A.

**NMLSR ID:** 399801

**Loan Originator:** MARK G JARBO

**NMLSR ID:** 1008927

HCFG-00017
MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs

VMP®
Wolters Kluwer Financial Services                    2015061615.1.0.3112-J20150123Y

Form 3200 (1/01)
Amended 6/00
08/14
Page 3 of 3

*745903015208*



WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

BY_____

DAVID C. PETERSON, SENIOR VICE PRESIDENT

004



MortgageOnlineCustomerService@wellsfargo.com
Wednesday, August 26, 2015 12:48 PM
onemajestic@live.com
Your Requested Wells Fargo Mortgage Document(s)
Muhammad Note.pdf

**Wells Fargo Home Mortgage**
Written Correspondence
P.O. Box 10335
Des Moines, IA 50306

Dear Dante Muhammad:

Thank you for contacting Wells Fargo Home Mortgage. To protect your loan information, I have attached a copy of your Note in a password-protected Adobe Acrobat document.

Your password is your ten-digit loan number. If you do not have your loan number, please call us at 1-866-234-8271 Monday through Friday between 6:00 am and 10:00 pm Central Time and on Saturdays between 8:00 am and 2:00 pm Central Time.

Please do not reply directly to this message. If you have additional questions, please log into a secure session at wellsfargo.com to submit your inquiry. Once you have logged in, please select the 'Contact Us' link, followed by the 'Email Us' link. If more convenient, you may also contact a loan servicing representative at the phone number listed above.

Sincerely,
Mortgage Online Customer Service

Wells Fargo Bank, N.A. is required by the Fair Debt Collection Practices Act to inform you that, as your account servicer, we are attempting to collect a debt, and any information obtained will be used for that purpose. However, if you have received a discharge from bankruptcy, and the account was not reaffirmed in the bankruptcy case, Wells Fargo Bank, N.A. will only exercise its rights against the property and is not attempting any act to collect the discharged debt from you personally.

With respect to those accounts secured by property located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 am or after 9 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

How do I open this attachment?

To open and review your response, please double-click on the attachment or right click on the attachment and select the 'Open' option. When you open your secure response, you will be asked to provide a password. Your password is your ten-digit loan number. Please enter your password without any spaces or special characters. You will be given three attempts to provide the correct password.

What is Adobe Acrobat?

Adobe Acrobat is a software program that reads and converts documents in a PDF format (Portable Document Format). This software allows us to encrypt your reply so your information remains secure. You will need Adobe Acrobat 6.0 or higher to view the attachment. If you do not have the Adobe Acrobat program, you can obtain a free "Reader" version of the program. To do so, simply visit the *Adobe Reader* download website.

**Protect yourself from fraud and identity theft.** To learn more, go to _wellsfargo.com/privacy_security/fra_

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.
Wells Fargo is an Equal Housing Lender

©2013 Wells Fargo Bank, N.A. All rights reserved. NMLSR ID 399801

# Mortgage

**Return To:** Wells Fargo Bank, N.A.
FINAL DOCS N0012-01B
6200 PARK AVE
DES MOINES, IA 50321

**Prepared By:** SCOTT J LUCAS
2701 WELLS FARGO WAY
3RD FLOOR
MINNEAPOLIS, MN 55408-8000

**Definitions.** Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) *"Security Instrument"* means this document, which is dated June 16, 2015, together with all Riders to this document.

(B) *"Borrower"* is Dante K Muhammad, a single person;. Borrower's address is 3750 FULLERTON ST, DETROIT, MI 48238. Borrower is the mortgagor under this Security Instrument.

(C) *"Lender"* is Wells Fargo Bank, N.A.. Lender is a corporation organized and existing under the laws of United States of America. Lender's address is 101 North Phillips Avenue, Sioux Falls, SD 57104. Lender is the mortgagee under this Security Instrument.

(D) *"Note"* means the promissory note signed by Borrower and dated June 16, 2015. The Note states that Borrower owes Lender one hundred fifty nine thousand eight hundred and 00/100 Dollars (U.S. $159,800.00) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than July 1, 2045.

(E) *"Property"* means the property that is described below under the heading "Transfer of Rights in the Property."

(F) *"Loan"* means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                    2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 1 of 13



**(G)** *"Riders"* means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☒ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(H)** *"Applicable Law"* means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(I)** *"Community Association Dues, Fees, and Assessments"* means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(J)** *"Electronic Funds Transfer"* means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(K)** *"Escrow Items"* means those items that are described in Section 3.

**(L)** *"Miscellaneous Proceeds"* means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(M)** *"Mortgage Insurance"* means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(N)** *"Periodic Payment"* means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(O)** *"RESPA"* means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (12 C.F.R. Part 1024), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, RESPA refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(P)** *"Successor in Interest of Borrower"* means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**Transfer of Rights in the Property.** This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County [Type of Recording Jurisdiction] of Oakland [Name of Recording Jurisdiction]: see attached

Parcel ID Number: 2425204013 which currently has the address of 24604 Templar AVE [Street] SOUTHFIELD [City], Michigan 48075 [Zip Code] ("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services          2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 2 of 13



BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**Uniform Covenants.** Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services     2015081615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 3 of 13


*745903015217*

5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                          2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 4 of 13


*745903015217*

are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                 2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 5 of 13



due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and

is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(A) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(B) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have**

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                    2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 7 of 13


*745903015217*

the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                    2015061615 1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 8 of 13



*745903015217*

notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give notice of sale to Borrower in the manner provided in Section 15. Lender shall publish and post the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall prepare and file a discharge of this Security Instrument. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

**Borrower**


_____         _____
Dante K Muhammad                                 Date
                                                 *Seal*

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 12 of 13



*745903015217*

**Acknowledgment**

**State of Michigan**

**County of** _____

This instrument was acknowledged before me on _____ by

_____

_____

_____

_____

*Notary Public*
*My commission expires:*

_____

**Loan Origination Organization:** Wells Fargo Bank N.A.

**NMLSR ID:** 399801

**Loan Originator:** MARK G JARBO

**NMLSR ID:** 1008927

HCFG-00360
MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VMP®
Wolters Kluwer Financial Services                    2015061615.1.0.3112-J20150123Y

Form 3023 1/01
11/14
Page 13 of 13


*745903015217*

JS 44 (Rev. 12/12)

The JS 44 civil cover sheet ~~and the information contained herein neither replace nor supplement the filing~~ and service of pleadings or other papers as required by law, except as provided by local rules of c~~ourt. This form, approved by the Judicial Conference of the United States in S~~eptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civ~~il docket sheet.~~ *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

Judge: Roberts, Victoria A
MJ Whalen, R. Steven
Filed: 03-24-2016 At 12.07 PM
COMP MUHAMMAD V WELLS FARGO BANK, N A (BG)

County in which action arose: Oakland

## I. (a) PLAINTIFFS
DANTE K. MUHAMMAD

**DEFENDANTS**
WELLS FARGO BANK, NA.

(b) County of Residence of First Listed Plaintiff    OAKLAND
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    San Francisco
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

Trott Law, P.C.
31440 Northwestern Hwy, Ste 200
Farmington Hills, MI 48334

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ❑ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ❑ 2 | U.S. Government Defendant | ❑ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 400 State Reapportionment |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❑ 410 Antitrust |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❑ 430 Banks and Banking |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | | | ❑ 820 Copyrights | ❑ 450 Commerce |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product Liability | | ❑ 830 Patent | ❑ 460 Deportation |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| ❑ 196 Franchise | | | ❑ 790 Other Labor Litigation | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | ❑ 791 Employee Retirement Income Security Act | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 950 Constitutionality of State Statutes |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❑ 2 Removed from State Court | ❑ 3 Remanded from Appellate Court | ❑ 4 Reinstated or Reopened | ❑ 5 Transferred from Another District *(specify)* | ❑ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1635
Brief description of cause:
Violation of the Truth and Lending Act ("TILA"), 15 U.S.C. Section 1635 for failure to give timely and proper notices required

## VII. REQUESTED IN COMPLAINT:
❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ❑ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?                    ☐ Yes
                                                                              ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


2.        Other than stated above, are there any pending or previously
          discontinued or dismissed companion cases in this or any other      ☐ Yes
          court, including state court? (Companion cases are matters in which  ☒ No
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


Notes :

# New Lawsuit Check List

**Instructions:** Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.

☑ Two (2) completed **Civil Cover Sheets.**

☒ Enter the number of defendants named in your lawsuit in the blank below, add 2 and then enter the total in the blank.

_1_ + 2 = _3_ **Complaints.**
# of Defendants    Total

Received by Clerk: _BG_    Addresses are complete: _BG_

Case: 2:16-cv-11073
Judge: Roberts, Victoria A.
MJ: Whalen, R. Steven
Filed: 03-24-2016 At 12:07 PM
COMP MUHAMMAD V WELLS FARGO BANK, N A (BG)

☐ If any of your defendants are **government agencies:**
Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General.

| If Paying The Filing Fee | If Asking That The Filing Fee Be Waived |
|---|---|
| ☐ Current new civil action filing fee is attached. | ☒ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. |
| Fees may be paid by check or money order made out to: | |
| **Clerk, U.S. District Court** | |
| Received by Clerk: _____ Receipt #:_____ | Received by Clerk: _BG_ |

## Select the Method of Service you will employ to notify your defendants:

| Service via Summons by Self | Service by U.S. Marshal (Only available if fee is waived) | Service via Waiver of Summons (U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. ☐ Two (2) completed **Request for Service by U.S. Marshal** form. | ☐ You need not submit any forms regarding the Waiver of Summons to the Clerk. <u>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted,</u> you will need: <br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. <br>• Two (2) **Waiver of the Service of Summons** forms per defendant. <br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |
| Received by Clerk: _____ | Received by Clerk: _____ | |

## Clerk's Office Use Only

Note any deficiencies here:

Rev. 4/13