UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANTE K. MUHAMMAD,

                Plaintiff,                CASE NO: 16-11073
                                              HON. VICTORIA A. ROBERTS

v.

WELLS FARGO BANK, N.A.,

                Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF NO. 21]**

## I.    Introduction

*Pro se* Plaintiff Dante K. Muhammad filed a thirteen count Complaint alleging

violations of various federal and state laws arising from an impending foreclosure.

Defendant Wells Fargo Bank, N.A., filed a Motion to Dismiss; it is **GRANTED**.

## II.    Background

On June 16, 2015, Muhammad received a loan for $159,800 from Wells Fargo to

purchase property at 24604 Templar Ave., Southfield, MI 48075.  The loan was secured

by a mortgage on the property.  Muhammad claims Wells Fargo violated the Truth in

Lending Act (TILA) because he did not receive two copies of the required notice of right

to cancel.  Muhammad says he sent Wells Fargo a notice of intent to rescind the loan.

As a result, Muhammad's position is that the mortgage, and the lien securing it, are

void.

## III.    Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of

the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## IV.    Discussion

### A.    Count 1: Truth In Lending Act ("TILA)

Count 1 alleges violations of 15 U.S.C. §1635 of TILA. Specifically, Muhammad says Wells Fargo failed to provide him two copies of the notice of right to cancel. Count 1 also says Muhammad sent Wells Fargo a notice that he was rescinding the loan on March 8, 2016.

"[T]he purpose of TILA [is] to promote the informed use of credit by assuring meaningful disclosures and protecting against fraud, a purpose that requires TILA to be considered liberally in favor of the consumer." *Patton v. Jeff Wyler Eastgate, Inc.*, 608 F. Supp. 2d 907, 915 (S.D. Ohio 2007) (citations omitted). TILA allows for rescission of some types of consumer credit transactions; but, a residential mortgage is specifically

2

excluded.  15 U.S.C. §1635(e)(1); *Berry v. Bank of Am., N.A.*, No. 09-14081, 2009 WL 4950463, at *4 (E.D. Mich. Dec. 16, 2009).

"The right of rescission under section 1635 does not apply to a 'residential mortgage transaction,' which is defined as a 'transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.'" *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 841 (E.D. Mich. 2010), citing 15 U.S.C. §§ 1635(e)(1), 1602(w).

Based on the loan documents attached to the Complaint, the transactions at issue are for a home mortgage.  As such, there is no right of rescission. Further, Muhammad, in his response to Wells Fargo's motion, does not dispute the argument that § 1635 does not apply to these transactions.

Count 1 is **DISMISSED**.

**B.     Count 2: Breach of Agreement**

Count 2 contains three bullet points; it says (1) Muhammad entered into a loan contract with Wells Fargo; (2) the loan agreement is not fully executed; and (3) the property was not intended as a gift.

Wells Fargo says Muhammad fails to state sufficient facts to establish a breach of contract claim.  The Court agrees.

To prove a breach of contract claim, Muhammad must show: (1) the existence of a contract, (2) a party's breach of that contract, and (3) damages suffered as a result of

that breach.  *Phillips-Johnson Properties, LLC v. Tru Fitness Studios, LLC*, No. 325570, 2016 WL 594187, at *3 (Mich. Ct. App. Feb. 9, 2016) (Citing *Miller-Davis Co. v. Ahrens Const., Inc.* (On Remand), 296 Mich.App. 56, 71, 817 N.W.2d 609 (2012).

Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers and will be liberally construed in determining whether the complaint fails to state a claim upon which relief would be granted. *See*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court may use its discretion to dismiss a pleading if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Even holding Muhammad to less stringent requirements, the Complaint fails to plead facts as to how Wells Fargo breached a contract.   In his Response, Muhammad provides no further clarification.

Count 2 is **DISMISSED**.

**C.    Counts 3, 4, 5, 7 and 9 Fail to State a Claim**

Several Counts in the Complaint lack facts and do not properly identify the violation at issue. Count 3 is titled "violation of CFR 617.7010."  Count 3 says only "[w]aiver of rights were obtained without legal representation for Plaintiff."  ECF No. 9 at 52.

Wells Fargo says it presumes Muhammad means 12 C.F.R. 617.7010.

The Court cannot determine what the alleged violation is when the statute is partially identified and there are no facts except a statement that Wells Fargo obtained a

4

waiver of rights while Muhammad lacked legal representation.

Count 3 is **DISMISSED**.

Count 4 claims a violation of "MCL 700 Estates and Protected Individuals Code." Based on the partial citation and title, Muhammad appears to mean the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*  The purpose of EPIC is to simplify and clarify the law concerning "the affairs of decedents, missing individuals, protected individuals, minors, and legally incapacitated individuals." *In re Estate of Byrne*, No. 307641, 2014 WL 1233708, at *11 (Mich. Ct. App. Mar. 25, 2014).  The Complaint provides no factual support or context for a claim under EPIC.  It says the mortgage note was not assigned to a trust, the assignee was not recorded and Wells Fargo improperly identifies itself as a Trustee for a Trust that does not buy or sell real estate backed securities.  ECF No. 9 at 52.

Count 4 is **DISMISSED**.

Count 5 alleges a violation of M.C.L 565.37 which provides for revocation of the power of attorney to convey lands.  See, *LaFond v. Rumler*, 226 Mich. App. 447, 458, 574 N.W.2d 40, 46 (1997).

 In his Response, Muhammad argues Wells Fargo obtained a power of attorney unlawfully.  He says the security instrument states that the borrower appoints lender the agent and attorney-in-fact for him to exercise the power of sale.

The mortgage note is attached as an exhibit to the Complaint.  ECF No. 9 at 76. There is no mention in it that the lender is appointed as an agent or attorney-in-fact.

Count 5 is **DISMISSED**.

5

Count 7 alleges a violation of 12 C.F.R. 1026.39 which addresses mortgage transfer disclosures.  Wells Fargo originated the loan and it has never been transferred.

Count 7 is **DISMISSED**.

Count 9 alleges Wells Fargo "failed to provide disclosures by sending periodic statements each billing cycle" that "includes any activity that causes a credit or debit to the amount currently due."  ECF. No. 9 at 53.  Wells Fargo says this appears to be a claim under 12 C.F.R. 1026.41(d)(4), which relates to closed-end consumer credit transactions and requires a borrower to receive period statements.  Wells Fargo says loan records show Muhammad received regular monthly statements.  In response, Muhammad objects and says Wells Fargo misconstrues his claim.  Muhammad says fair notice of what the claim is has been given.  The Court disagrees; Muhammad fails to provide sufficient facts or a legal theory.

Count 9 is **DISMISSED**.

**D.     Count 6: the Real Estate Settlement Procedures Act ("RESPA")**

Muhammad says Wells Fargo failed to send him all required notices as part of a Qualified Written Request ("QWR") that he requested on October 5, 2015.

A QWR is a written correspondence that:

i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

The Complaint says Muhammad did not receive "all the required notices," but

6

Muhammad does not identify, there or elsewhere, the specific deficiency.  Muhammad does not say what notices, or how a particular notice is insufficient.

Even if Muhammad's allegations were sufficient, his claim fails because he does not allege or seek damages.

"Damages are a necessary element of a RESPA claim."  *Eichholz v. Wells Fargo Bank*, *NA*, No. 10-CV-13622, 2011 WL 5375375, at *5 (E.D. Mich. Nov. 7, 2011) (citations omitted).  A plaintiff must suffer actual, demonstrable damages as a result of a specific RESPA violation.  *Id.*  See also, *Phillips v. Green Tree Servicing LLC*, No. 15-13582, 2016 WL 627903, at *3 (E.D. Mich. Feb. 17, 2016) (dismissing RESPA claim as a matter of law, where plaintiff failed to allege actual damages).

It does not appear that Muhammad seeks damages. He asks for "affirmative relief. . . to enjoin Defendants from utilizing void instruments for any enforcement action."  There is no allegation or request for damages.

Count 6 is **DISMISSED**.

### E.    Count 8: Violations against Regulation X

Count 8 is titled "Violations against Regulation X" with no other reference to applicable law.  Count 8 contains three sets of allegations: (1) Wells Fargo failed to provide a list of housing agencies; (2) the foreclosure process was initiated despite disputes of deposits received which negate a loan deficiency; and (3) Wells Fargo engaged in deceptive practices by foreclosing without attempting trial modifications.

The first allegation is moot.  Muhammad says Wells Fargo did not provide a list of housing agencies, but then contradicts this by saying the housing lists that were

7

provided did not contain website addresses.

The second allegation has no merit; whether Muhammad disputes the amount of the loan deficiency does not prevent foreclosure.  Wells Fargo says Muhammad's mortgage is being foreclosed by advertisement, and  M.C.L. 600.3204 provides for foreclosure by advertisement if a mortgage is in default.

Wells Fargo says the third allegation appears to be a claim under 12 C.F.R. 1024.41, which relates to loss mitigation procedures.  But this is only applicable if a borrower submits an application 45 days prior to a foreclosure sale.

Wells Fargo is entitled to dismissal of Count 8.

### F.      Count 10-13 are Dismissed

The remaining claims are dismissed because they are incomprehensible and Muhammad makes no attempt to clarify them in response to Wells Fargo's arguments. The Counts assert the following violations: (Count 10) the Michigan Constitution for "[a]ttempting the forced sale of homesteads;" (Count 11) the "National Home Owners Bill of Rights Act" for "[f]ailing to determine a loan modification prior to accelerating foreclosure;" (Count 12) "26 U.S.C. 25(c)" for "[f]ailing to pay the Gift tax associated with a loan transaction;" and (Count 13) "12 U.S.C. Chapter 2" for using Muhammad's "promissory note . . . [to increase] "the assets and liabilities of a bank" and implementing deceptive tactics.

 Muhammad does not address Well Fargo's arguments. He says only that his claims are plainly stated, that Wells Fargo has fair notice of them, and that the claims are well supported.

A complaint "must contain something more ... than ... a statement of facts that

8

merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted).  Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

Muhammad does not provide facts, or clearly identifiable legal theories.  His response to Wells Fargo's Motion is no help.  Muhammad rests on the argument that his Complaint provides notice of what the claims are.  He is wrong.

Counts 10 -13 are **DISMISSED**.

## V.   Conclusion

Wells Fargo's Motion to Dismiss is **GRANTED**.

**IT IS ORDERED**.

S/Victoria A. Roberts               
Victoria A. Roberts
United States District Judge

Dated:  September 26, 2016

+-------------------------------------------------------+
| The undersigned certifies that a copy of this         |
| document was served on the attorneys of               |
| record and Dante Muhammad by electronic               |
| means or U.S. Mail on September 26, 2016.              |
|                                                       |
| s/Linda Vertriest                                     |
| Deputy Clerk                                          |
+-------------------------------------------------------+